PACIFIC COAST BORAX COMPANY, Plaintiff, *v.* SHIPPERS NAVIGATION COMPANY, INC., and GREAT LAKES TRANSIT CORPORATION, Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Carriers — of goods — damages — pleading — Interstate Commerce Act — "Carmack Amendment."

> In the absence of a provision making the remedy under the "Carmack Amendment" to the Interstate Commerce Act exclusive and in view of the proviso that it shall not deprive any holder of an initial carrier's receipt or bill of lading from any remedy or right of action which he has under existing law, the initial carrier, connecting carrier or terminal carrier may all be held liable to the shipper for damage to its property caused by their negligence.
>
> The complaint herein considered and held to state a good cause of action against the initial carrier under the "Carmack Amendment," but that the facts alleged were not sufficient to predicate a separate cause of action against the connecting carrier.

MOTION on the pleadings.

Frank H. Hall, for plaintiff.

Hirsch, Sherman & Limburg (Herbert R. Limburg and Mortimer H. Hess, of counsel), for defendant Great Lakes Transit Corporation.

McAVOY, J. The question for decision here is whether a shipper must sue the carrier first receiving property for interstate transportation, as he is permitted to do under the Carmack Amendment, which provides in substance that a common carrier receiving property for transportation in interstate commerce

shall be liable to the lawful holder of its bill of lading for any loss, damage or injury to such property caused by it or by any common carrier to which such property may pass, or whether his right to suit against a connecting carrier, to which the initial carrier has delivered the goods, survives. The object of the Carmack Amendment is quite apparent. It was designed to aid the shipper in finding a liable corporation where there were several carriers involved in the contract of carriage, and do away with the necessity of the shipper endeavoring to find upon which connecting line the culpable negligence occurred. The rule of law which required proof affirmatively that the damage occurred while the property was in the possession of the connecting carrier was intended to be obviated by this amendment, making the initial carrier responsible for all damage, no matter upon whose lines the negligence occurred. The liability of a connecting carrier for property lost or damaged while in its custody does not appear to have been changed from that imposed upon it under its common-law duty by the Carmack Amendment. In fact, the provision of the amendment itself is that the section shall not deprive any holder of an initial carrier's receipt or bill of lading from any remedy or right of action which he has under the existing law. Compiled Statutes, 1913, §§ 8563–8592. In the absence of a provision making the remedy under the Carmack Amendment exclusive, and in the presence of a proviso reserving the right of action existing under any law, it cannot be held that no cause can lie against a connecting carrier where property has been shipped through an initial carrier who has given his receipt or bill of lading for the same covering his liability over all lines. I think initial carrier, connecting carrier or terminal carriers may all be held liable for damage to property caused by their negligence.

The other point raised is that no cause of action is, on the face of the complaint, alleged against the defendant Great Lakes Transit Corporation, in that the complaint fails to allege what portion of the damage was sustained while the goods were in the possession of the connecting carrier. Although the Carmack Amendment may permit an action against the connecting carrier, it is asserted that it would be essential to show that whatever damage has been sustained occurred while the goods were in the possession of such connecting carrier, and that such complaint must allege, too, that the connecting carrier received the goods claimed to be damaged in good condition from the initial carrier. It is alleged in paragraph six of the complaint that the defendant Shippers Navigation Company, Inc., delivered the freight intrusted to it to the defendant Great Lakes Transit Corporation, not in the good condition in which it had been received. It would appear that if this allegation be true, as it must be deemed to be, such damage as had occurred to the goods must have been caused while in the possession of defendant Shippers Navigation Company. Of course, it may be true that a portion of the alleged damage occurred while the goods were in the possession of the initial carrier and further damage was sustained while the goods were in the possession of the connecting carrier, but it seems clear that this does not allege a complete common-law action against either, unless it is set forth what portion of the damage was sustained on each of the two lines, so that to uphold a cause of action against the connecting carrier facts should be shown which indicate some liability for causing such damage while the goods were in its possession, else no claim against it can be sustained. The difficulty arises from pursuing the remedy against the initial carrier and the connecting carrier where both

are alleged to be liable for causing damage to the
goods, without alleging facts from which it can be
inferred as to what damage was caused by each, if any,
of the two common carriers. This difficulty would be
entirely obviated if the reasonable remedy provided
in the Carmack Amendment were availed of, under
which a suit against the initial carrier would entitle
the plaintiff to recover his full damage without
respect to the particular connecting carrier's lines
upon which the actual damage was suffered. I hold
that there is a good cause of action alleged against
the initial carrier under the Carmack Amendment,
and that such amendment does not prevent a suit
against the connecting carrier, but that there are not
facts sufficient to constitute a cause of action set forth
upon which to predicate a separate cause against the
connecting carrier, as the complaint is laid.

Ordered accordingly.